The STATE of Ohio, Appellee,

v.

TANNER, Appellant.

[Cite as *State v. Tanner* (1998), 127 Ohio App.3d 550.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 96CA0094.

Decided May 13, 1998.

*Martin Frantz,* Wayne County Prosecuting Attorney, and *John M. Williams,* Assistant Prosecuting Attorney, for appellee.

*Steven Tanner, pro se.*

SLABY, Presiding Judge.

Defendant, Steven Tanner, appeals, *pro se,* from the Wayne County Court of Common Pleas' dismissal of his petition for postconviction relief. We reverse and remand.

On June 8, 1992, defendant was indicted for three counts of rape in violation of R.C. 2907.02, six counts of corruption of a minor in violation of R.C. 2907.04, and six counts of sexual battery in violation of R.C. 2907.03. On October 5, 1992, defendant entered, and the trial court accepted, a plea of guilty to the corruption

of a minor and sexual battery counts. Defendant failed to timely appeal his conviction and sentence. Defendant moved for a delayed appeal. This court denied defendant's motion on August 11, 1994.

Defendant filed his petition for postconviction relief on September 20, 1996. On October 15, 1996, the trial court ruled that the petition was not timely filed and dismissed the petition. This court dismissed defendant's appeal from the trial court's judgment on December 26, 1996. On February 14, 1997, this court granted defendant's motion for reconsideration.

In one of his assignments of error, defendant contends that the trial court erred by dismissing his petition for postconviction relief on the basis that it was not timely filed. We agree.

Pursuant to R.C. 2953.21(A)(2):

"A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

Thus, it would seem that defendant's petition was untimely filed on September 20, 1996. However, Senate Bill No. 4, which became effective on September 21, 1995, provides at Section 3:

"A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."

Because defendant was sentenced prior to September 21, 1995, his postconviction petition filed September 20, 1996, was timely. See *State v. Fields* (May 14, 1997), Wayne App. No. 96CA0091, unreported, at 3, 1997 WL 270540; *State v. Green* (Apr. 23, 1997), Lorain App. No. 96CA006609, unreported, at 3, 1997 WL 209147; *State v. Troutman* (Apr. 23, 1997), Lorain App. No. 96CA006559, unreported, at 3, 1997 WL 209153. Amended Substitute Senate Bill No. 269 repealed and amended R.C. 2953.21 as of July 1, 1996, but did not repeal Section 3 of S.B. No. 4.

Based on the foregoing, we find that the trial court erred in dismissing defendant's petition for postconviction relief as being untimely filed. Defendant's

assignment of error is sustained. Because this assignment of error is dispositive, we need not consider defendant's other assignments of error. See App.R. 12(A)(1)(c). The judgment of the trial court is reversed, and the cause is remanded so that the trial court may consider defendant's petition.

*Judgment reversed*
*and cause remanded.*

BAIRD and REECE, JJ., concur.