OPINION
Defendant-appellant, James P. Nelson, appeals the decision of the Clermont County Court of Common Pleas denying his petition for postconviction relief.
On February 1, 1995, appellant was indicted on one count of felonious sexual penetration of a child under thirteen years of age, in violation of former R.C. 2907.12(A)(1)(b), with a force specification. On March 22, 1995, appellant pled guilty to felonious assault, and the specification was dismissed. On March 24, 1995, the trial court's judgment entry of sentence was filed, ordering that appellant serve a five to twenty-five year term of imprisonment.
On September 21, 1995, R.C. 2953.21, the postconviction relief statute, was amended by Am.Sub.S.B. 4 ("S.B. 4"). Former R.C. 2953.21(A) provided that a petition for postconviction relief could be filed "at any time" after the petitioner's conviction. Amended R.C. 2953.21(A)(2) provided that the petition must be filed within one hundred eighty days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, one hundred eighty days after the expiration of the time in which a direct appeal could have been filed. Those defendants who were convicted prior to the amendment of R.C. 2953.21 were given one year from S.B. 4's effective date in which to file petitions for postconviction relief, if such was later than the amended deadline.
The transcripts in appellant's direct appeal were filed on December 13, 1996. Appellant's conviction was subsequently affirmed. State v. Nelson (Dec. 29, 1997), Clermont App. No. 96-06-077, unreported, motion for leave to file delayed appeal denied (1998), 83 Ohio St.3d 1411. On March 12, 1999, appellant filed a petition for postconviction relief, captioned as a motion. In his petition, appellant alleged only that his trial counsel was ineffective. On March 30, 1999, the trial court filed its judgment entry denying appellant's petition. The trial court denied relief on jurisdictional grounds, finding the petition untimely filed. Appellant appeals, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN HOLDING THAT S.B. 4, DOES NOT VIOLATE FORMER O.R.C. § 2953.21, AND THAT THE DEADLINE ENACTED BY S.B. 4, DOES NOT VIOLATE O.R.C. § 1.58(A)(1), (2), AND (4), THE OHIO SAVINGS CLAUSE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO ADDRESS FULLY ALL OF THE ISSUES RAISED UPON POST-CONVICTION IN VIOLATION OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION. (The trial court failed to address any of the issues raised or the affidavits or evidentiary documents presented in support of the issues.)
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO SUBMIT HIS POST-CONVICTION PETITION TO THE OHIO PUBLIC DEFENDER TO ASCERTAIN IF IT WISHED TO REPRESENT HIM SHOULD AN EVIDENTIARY HEARING BE HELD.
 In his assignments of error, appellant contends that the trial court erred in denying his petition for postconviction relief as being untimely filed. Appellant further contends that the trial court failed to address the merits of his petition or forward his petition to the public defender's office.
R.C. 2953.21 provides:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 R.C. 2953.21(A) was amended to read in the above form by S.B. 4, effective September 21, 1995. Prior to that date, a petition for postconviction relief could be filed "at any time" after the petitioner's conviction. Former R.C. 2953.21(A). S.B. 4 expressly stated that the amended deadline would apply to persons convicted before its effective date. S.B. 4, Section 3 reads:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
 Am.Sub.S.B. No. 269 repealed and amended R.C. 2953.21 as of July 1, 1996, but did not repeal Section 3 of S.B. 4 or alter the substance of amended R.C. 2953.21(A)(2).
Appellant contends that S.B. 4 violated R.C. 1.58(A), Ohio's Savings Statute, because it abridged his right to file a petition "at any time" after his conviction pursuant to former R.C.2953.21-(A). Appellant has cited no law, and this court has found none, which holds that this procedural requirement is a substantive right or privilege protected by R.C. 1.58(A). Numerous cases have found that amended R.C. 2953.21(A) is applicable to those persons convicted before the amendment's effective date. See, e.g., State v. Tanner (1998), 127 Ohio App.3d 550; State v. Schulte (1997), 118 Ohio App.3d 184; State v.Halliwell (July 29, 1999), Cuyahoga App. No. 75986, unreported;State v. Reese (June 2, 1999), Mahoning App. No. 98 C.A. 33, unreported, motion for stay denied, 86 Ohio St.3d 1418, appeal dismissed, 86 Ohio St.3d 1463; State v. Parks (Sept. 15, 1998), Jefferson App. No. 96 JE 47, unreported.
S.B. 4, Section 3, and amended R.C. 2953.21(A)(2) are applicable to appellant because he was convicted on March 24, 1995, prior to S.B. 4's effective date. Consequently, the later deadline for filing appellant's petition for postconviction relief was June 11, 1997, or one hundred eighty days from the filing of the trial transcripts in his direct appeal. Appellant's petition was filed on March 12, 1999, long after the deadline had passed. The trial court was correct in finding that appellant's petition was untimely filed.
Even though a petition is not timely filed, a trial court may entertain the petition under limited circumstances. R.C. 2953.23
provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 Appellant raised the claim of ineffective assistance of counsel in his earlier appeal. This court found that the claim was not supported by the record. In his petition, appellant did not provide any information or evidence which was not available at the time of his earlier appeal, or raise a claim that he was prevented from discovering the evidence or facts upon which he now relies. Appellant failed to meet the requirements of R.C. 2953.23(A).
Appellant's petition was not timely filed, and the petition failed to demonstrate that appellant was prevented from discovering evidence not available in his earlier appeal. The trial court was not required to address the merits of appellant's petition or forward the petition to the public defender's office. Accordingly, appellant's assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.