The STATE of Ohio, Appellee,

v.

SCHULTE, Appellant.

[Cite as *State v. Schulte* (1997), 118 Ohio App.3d 184.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10-96-15.

Decided Feb. 12, 1997.

*Paul E. Howell,* Mercer County Prosecuting Attorney, for appellee.

*Gary E. Schulte, pro se.*

EVANS, Presiding Judge.

Gary Schulte ("appellant") appeals from a decision of the Common Pleas Court of Mercer County overruling his motion to vacate and/or set aside his conviction pursuant to R.C. 2953.21, as untimely filed.

Appellant was indicted on August 12, 1993 for aggravated murder, a violation of R.C. 2903.01(B), with a gun specification. On September 2, 1993, the trial court filed a judgment entry after appellant pled guilty to aggravated murder, sentencing appellant to life imprisonment with parole eligibility after twenty years. Appellant's request to file a delayed appeal was overruled by this court on March 13, 1996. On September 18, 1996, appellant filed a motion to vacate and/or set aside his conviction pursuant to R.C. 2953.21. Citing R.C. 2953.21(A)(2), the trial court denied the postconviction relief petition as untimely.

Appellant appeals this decision, asserting the following assignment of error:

"The trial court erred in dismissing Appellant's petition for post-conviction relief as being untimely filed."

The version of R.C. 2953.21(A)(2) in force at the time the trial court considered appellant's petition and upon which the trial court apparently relied when making its determination as to the timeliness of appellant's petition states:

"A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

This version of R.C. 2953.21, including the new time limit provision in (A)(2), became effective September 21, 1995. Prior to this amendment, the postconviction relief statute had allowed a petitioner to file a postconviction relief petition "at any time" after his conviction.

The bill passed by the General Assembly, signed by the Governor, and subsequently codified in R.C. 2953.21, effective September 21, 1995, was Senate Bill No. 4. Section 3 of S.B. No. 4 contains a provision which extends the time limit for filing postconviction relief petitions for defendants convicted prior to September 21, 1995. Section 3 states:

"A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, *or within one year from the effective date of this act, whichever is later.*" (Emphasis added.)

Appellant was convicted prior to September 21, 1995 and as a result, he had until September 20, 1996 to file a postconviction relief petition. Appellant's petition, filed on September 18, 1996, was therefore timely. Appellant's assignment of error is sustained.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings.

*Judgment reversed.*

HADLEY and SHAW, JJ., concur.