[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-Appellant Harry Thompson appeals a judgment of the Court of Common Pleas of Allen County dismissing Appellant's Petition for Post Conviction Relief as untimely filed. For the reasons that follow, we affirm the decision of the trial court.
On August 28, 1989, Appellant was arraigned and entered a plea of not guilty to one count of Aggravated Murder in violation of R.C. 2903.01(B). Subsequently, on October 12, 1989, Appellant withdrew the not guilty plea and pled guilty to an amended charge of Involuntary Manslaughter in violation of R.C. 2903.04(A). At the same time, Appellant entered a guilty plea to a Bill of Information for one count of Aggravated Robbery in violation of R.C. 2911.02.(A)(1). Thereafter, on November 27, 1989, the trial court sentenced Appellant to concurrent prison terms of no less than eight years and no more than twenty-five years.
On July 24, 1990, Appellant filed a Motion for Shock Probation pursuant to R.C. 2947.061. A hearing on the matter was conducted on November 9, 1990, wherein the trial court granted Appellant's motion and sentenced him to five years of shock probation, subject to certain standard conditions.
On February 5, 1992, the State of Ohio requested that the court revoke Appellant's term of shock probation. The state filed an affidavit in support alleging that Appellant violated the terms and conditions of his probation by having unauthorized contact with two inmates from the Allen County Correctional Institution. At the revocation hearing on March 2, 1992, Appellant admitted to the court that he had engaged in the alleged conduct. The trial court revoked Appellant's probation and reinstated the previously imposed sentence of eight to twenty-five years with credit for time already served.
Appellant made no effort to timely appeal the original sentence or the trial court's decision to revoke shock probation. Instead, Appellant "sat on his hands" until as late as February, 1996, when he requested permission from this court to file a delayed appeal from the 1992 probation revocation. We subsequently denied Appellant's request on March 7, 1996, because Appellant did not provide sufficient reason for his failure to perfect an appeal as of right. Appellant then filed a transcript of the 1989 sentencing proceeding with the trial court in December, 1997.
Thereafter, on February 23, 1998, Appellant filed a Petition for Post Conviction Relief[1] pursuant to R.C. 2953.21
alleging that the results of the 1989 sentencing hearing and those of the 1992 probation revocation hearing were void or voidable because of various infringements of Appellant's constitutional rights. The trial court dismissed the petition without reaching the merits due to its finding that Appellant failed to file the petition within the appropriate time requirements contained in R.C. 2953.21. The instant appeal followed.
Appellant asserts the following assignment of error for our review:
 The trial court erred to the prejudice of the Appellant by denying Appellant's Petition for Post Conviction Relief for want of timely filing.
R.C. 2953.21 states, in pertinent part:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
We note that the above quoted version of R.C. 2953.21(A)(2) became effective on September 21, 1995. Although the trial court apparently relied upon this version when making its decision, under Senate Bill 4 (S.B. 4) Appellant was afforded more time than the language of the statute prescribes.
Specifically, this Court has held that Section 3 of S.B. 4 allows an individual who was sentenced prior to September 21, 1995, to file a petition for post conviction relief within the time stated in R.C. 2953.21(A)(2), or within one year from September 21, 1995, whichever is later. State v. Schulte (1997),118 Ohio App.3d 184, 692 N.E.2d 237. Since Appellant was sentenced in 1989 and resentenced in 1992, he was entitled to the S.B. 4 extension. Accordingly, Appellant could have filed a timely post conviction petition up until September 21, 1996.
In any event, it is clear that Appellant's petition for post conviction relief, which was filed in February, 1998, violates all of the aforementioned time limits. Appellant has conceded to this point and argues that the exceptions to the time limits, as stated in R.C. 2953.23, should apply to this case.
R.C. 2953.23 states that if a petition for post conviction relief is filed outside the prescribed time periods, the court cannot entertain the merits of the petition unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Appellant contends that the above requirements are satisfied in this case because he has demonstrated that he was unavoidably prevented from the discovery of the facts upon which his petition relies and that the trial court committed reversible constitutional errors during the 1989 and 1992 proceedings. Appellant's argument is not well taken.
We will not reach the issue of the alleged constitutional errors since we find that Appellant has failed the first prong of the test contained in R.C. 2953.23(A)(1). Although Appellant claims that he had no possible way of discovering any defects in the trial court proceedings until he became privy to the transcripts years later, we are not persuaded. Appellant was present and represented by counsel during both the sentencing and revocation hearings. Said hearings were held in 1989 and 1992, respectively. Any suspected errors by the trial court should have been promptly examined.
Appellant, however, waited until 1996 to try to file an appeal. He then waited until 1998 to attempt to obtain relief through the post conviction statutes. Significantly, Appellant offers no specific explanation for this unreasonable delay. In the absence of any particular facts that tend to support Appellant's argument, we refuse to conclude that this delay was unavoidable.
Appellant has failed to satisfy the requirements contained in R.C. 2953.23 to be able to bypass the time limitations as stated in R.C. 2953.21 and Schulte, supra. Therefore, we find that the trial court did not err in dismissing Appellant's petition for post conviction relief for want of timely filing.
Appellant's assignment of error is overruled.
Having found no prejudice to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.
[1] At the same time, Appellant also filed a Motion for Shock Probation which the trial court subsequently overruled. Said motion is not relevant to this appeal.