[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from a decision by the Montgomery County Court of Common Pleas. On April 23, 1998, the trial court granted the State's motion to dismiss in response to the appellant's motion for postconviction relief. The trial court denied the petition because it was untimely filed. On May 12, 1998, the appellant filed notice of appeal in this court.
On March 19, 1996 the appellant was indicted for Aggravated burglary, felonious assault, felonious assault against a peace officer, grand theft of a motor vehicle, and failure to comply with the order or signal of a peace officer. The charges of aggravated burglary and felonious assault were dismissed before trial. On June 11, 1996 trial began on the remaining counts. Soon after trial began, a negotiated plea was reached. The appellant plead guilty to one count of grand theft of a motor vehicle and one count of failure to complywith the order or signal to bring his vehicle to a stop. The remaining charge, felonious assault of a peace officer, was dismissed. The court sentenced the appellant to a term of imprisonment of three to ten years on the charge of grand theft, and one to five years on the charge of failure to comply. The appellant filed notice of appeal on July 9, 1996. On May 30, 1997, this court of appeals affirmed his conviction. The appellant filed his petition for postconviction relief on March 16, 1998. The trial court denied the petition on April 23, 1998 because it was untimely filed.
R.C. 2953.21(A)(2) states:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
In State v. Schulte (1997), 118 Ohio App.3d 184, 186, the court stated that "[t]his version of R.C. 2953.21, including the new time limit provision in (A)(2), became effective September 21, 1995." The court further cited Section 3 of Senate Bill No. 4:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later. (Emphasis sic.)
Id. at 186.
The court returned the transcript on August 7, 1997. The appellant did not file his petition for postconviction relief until March 16, 1998. R.C. 2953.21 clearly states that the appellant had one hundred eighty (180) days to file for postconviction relief. By filing on March 16, 1998, the appellant was over one hundred eighty (180) days after the court returned the trial transcript. The appellant was convicted after the new time limit under R.C. 2953.21 became effective, and therefore he is subject to the one hundred eighty (180) day limit.
Appellant's petition for postconviction relief was not timely filed and contained no reason for this untimeliness. Since the Legislature has imposed these time limits on these petitions, the lower court had no alternative but to dismiss.
Based on the foregoing, the judgment of the trial court is affirmed.
GRADY, P.J. and MILLIGAN, J., concur.
Hon. Lawrence Grey, Retired from the Court of Appeals, Fourth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
Carley J. Ingram
Albert D. Burke
Hon. Mary Donovan