OPINION
Defendant-appellant, Tommy R. Risner, appeals from the judgment of the Common Pleas Court of Putnam County which dismissed his petition for post-conviction relief.
Following a jury trial in 1990, defendant was convicted of one count of aggravated arson. The trial court sentenced him to no less than ten years and no more than twenty-five years of imprisonment. His conviction was affirmed on appeal to this court. State v. Risner (1991), 73 Ohio App.3d l9.
On November 2, 1998, defendant filed a pro se petition for post-conviction relief. The trial court dismissed defendant's petition on the basis that defendant failed to timely file the petition pursuant to R.C. 2953.21 and that he failed to set forth sufficient grounds for relief to warrant an evidentiary hearing. Defendant now appeals this decision and asserts the following assignment of error for our review:
 The recent re-enactment and amendment to the post-conviction statute, O.R.C. Section 2953.21 [S.B. No. 4, (effective September 21, 1995)] as applied to the petitioner, retroactively, is in violation of Section 28, Article II of the Ohio Constitution.
In his assignment of error, defendant contends that the retroactive application of the time limit contained in amended R.C. 2953.21 to bar his petition for post-conviction relief is unconstitutional because it takes away his accrued right under the former version to file the petition "at any time."
Prior to September 21, 1995, former R.C. 2953.21 allowed a defendant to file a petition for post-conviction relief "at any time" after his conviction. State v. Schulte (1997), 118 Ohio App.3d 184,186. However, S.B. No. 4, effective September 21, 1995, imposed new time limit requirements for filing such a petition. Id. The amended version of R.C. 2953.21(A)(2) required that:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Further, Section 3 of S.B. No. 4 contained the following extension for filing post-conviction relief petitions for defendants convicted and sentenced prior to the effective date of that bill:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
In the instant case, defendant was convicted and sentenced prior to September 21, 1995.
Section 28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass retroactive laws." In State v. Cook (1998), 83 Ohio St.3d 404, 410, the Ohio Supreme Court noted that R.C. 1.48 states that statutes are presumed to apply only prospectively unless specifically made retroactive. The threshold test then is whether the General Assembly specified that the statute be applied retrospectively. Id. First, we note that the time limit stated in R.C.2953.21(A)(2) applies to any person who has been convicted of a criminal offense. See R.C. 2953.21(A)(1). Second, the extension to the time period created by Section 3 of S.B. No. 4 applies to those persons convicted and sentenced prior to the effective date of that bill. Thus, we find that the General Assembly has clearly expressed its intent that the time limits imposed by R.C.2953.21(A) be applied retrospectively.
In order to determine whether R.C. 2953.21(A) is unconstitutionally retroactive, the next inquiry is whether the statute is substantive or merely remedial. Cook at 410-411. A statute is considered to be substantive if it "impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligation, or liabilities as to a past transaction, or creates a new right." Id. at 411, citing Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100,107. On the other hand, the court explained that remedial laws are those laws:
 affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right. [Van Fossen at 107]. * * * Further, while we have recognized the occasional substantive effect, we have found that it is generally true that laws that relate to procedures are ordinarily remedial in nature. Id. at 107-108, citing Wellston Iron Furnace Co. v. Rinehart (1923), 108 Ohio St. 117, paragraph one of the syllabus.
A purely remedial statute does not violate Section 28, Article II
of the Ohio Constitution. Cook at 411.
As we have already noted, the legislative adoption of R.C.2953.21 established a procedure for protecting the constitutional rights of individuals. Guiles v. State (June 29, 1990), Marion App. No. 9-89-13, unreported, at *1. In other words, R.C. 2953.21
confers a substantive right to file a petition for post-conviction relief pursuant to the procedure set forth in R.C. 2953.21(A). This right to file a post-conviction relief petition becomes a vested substantive right once such a petition is actually filed in the court that imposed sentence. In addition, the issue of an untimely petition for post-conviction relief is jurisdictional in nature. See State v. Ayala (Nov. 10, 1998), Franklin App. No. 98AP-349, unreported, at *2; State v. Kasubienski (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported, at *2. Finally, the application of the time limits imposed by R.C. 2953.21(A) have already been found not to violate the Ex Post Facto Clause of the United States Constitution. Ayala, at *2-3.
Consequently, we find that the time limit provision in R.C.2953.21(A)(2) for the filing of a post-conviction relief petition is remedial in nature and therefore, does not violate Section 28, Article II of the Ohio Constitution. Defendant's sole assignment of error is overruled.
Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.