JOURNAL ENTRY AND OPINION
Defendant-appellant Leonard Corbin appeals pro se from the trial court's denial of his petition for post-conviction relief (R.C. 2953.23) seeking review of his 1975 conviction for felonious assault (R.C. 2923.11) pursuant to which he served six years in the Ohio penitentiary. He was released from prison in 1981. He seeks post-conviction review because his prior conviction for felonious assault is presently being used by Federal authorities to enhance his Federal sentence for drug violations. Defendant contends he was deprived of effective assistance of counsel; he was the victim of prosecutorial misconduct at trial; he is innocent because his original victim has recanted; and he is suffering lingering collateral consequences by reason of his unconstitutional conviction. We find no error and affirm.
On November 25, 1974, defendant was indicted by the Cuyahoga County Grand Jury on one count of felonious assault in violation of R.C. 2903.11. Following his indictment, on December 5, 1975, defendant entered a plea of not guilty. Subsequently, on April 18, 1975, after trial, the jury returned a verdict finding defendant guilty of felonious assault and he was sentenced to a prison term of two to fifteen years. No direct appeal of this conviction was filed by defendant. In 1981, defendant was released from prison after serving approximately six years.
Subsequently, on October 31, 1996, in the Federal Court, defendant pled guilty to possession with intent to distribute heroin (21 U.S.C. § 841(a)(1)) and possession of a firearm by a felon with three previous violent felony or serious drug offenses (18 U.S.C. § 922(g) and 924(e)). Defendant is currently serving his fifteen-year sentence for these federal offenses.
On December 5, 1997, defendant filed a petition for post-conviction relief. That petition was denied on November 20, 1998 pursuant to findings of fact and conclusions of law filed by the trial court.
A timely appeal to this Court ensued. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. PETITIONER'S SIXTH AMENDMENT RIGHT, EFFECTIVE ASSISTANCE OF COUNSEL, WAS VIOLATED BECAUSE COUNSEL'S FAILURE TO FILE A NOTICE OF APPEAL AND DIRECT APPEAL.
 II. IT WAS PLAIN ERROR WHEN STATE'S PROSECUTOR'S ADVERSE COMMENTS WERE MADE THAT CORBIN FAILED TO TESTIFY ON THE WITNESS STAND ON HIS OWN BEHALF, WHICH WAS VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES.
 III. IT WAS CLEARLY IMPROPER, PREJUDICIAL, MISLEADING AND IN VIOLATION OF RULE 404(B) OF FEDERAL RULES OF EVIDENCE, WHEN PROSECUTOR'S COMMENT TO THE JURY THAT CORBIN HAD OTHER CHARGES PENDING.
 IV. CORBIN ASSERTS THAT HE IS INNOCENT OF THE CRIME, IN THAT HE DID NOT SHOOT THE VICTIM, NOR AID AND ABET IN THE SHOOTING OF THE VICTIM. AND THE VICTIM HAS COME FORTH, PROVIDED A WRITTEN AFFIDAVIT IN REGARDS TO THE ACTUAL INNOCENCE OF CORBIN.
Am.Sub. S.B. 4 ("S.B. 4"), effective September 21, 1995, amended Ohio's post-conviction relief statute. S.B. 4 was codified in R.C. 2953.21. Prior to this amendment, the statute allowed the petitioner to file a post-conviction petition "at any time" after his conviction. R.C. 2953.21(A)(2), as amended, now imposes certain time requirements for filing post-conviction petitions.
R.C. 2953.21 (A)(2) states:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
S.B. 4 also expressly stated that the amended deadline would apply to persons convicted before its effective date. S.B. 4, Section 3 contains a provision which extends the time limit for filing post-conviction petitions for defendants convicted prior to September 21, 1995. Section 3 states:
 A person who seeks post conviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
We find that S.B. 4, Section 3, and amended R.C. 2953.21(A)(2) are applicable to defendant as he was convicted on April 18, 1975, prior to the effective date of S.B. 4. See State v. Schulte
(1997), 118 Ohio App.3d 184; State v. Nelson (Nov. 1, 1999), Clermont App. No. CA99-04-037, unreported; State v. Detardo (Aug. 27, 1999), Wood App. No. WD-99-005, unreported; State v.Halliwell (July 29, 1999), Cuyahoga App. No. 75986, unreported.
In the instant case, defendant was convicted and sentenced on April 18, 1975. Defendant did not file a direct appeal from this conviction. Under the above sections, defendant was required to file his petition for post-conviction relief by September 21, 1996, one year after the effective date of S.B. 4. However, the record reflects that defendant did not file his petition until December 5, 1997, long after the expiration of this statutory deadline. Therefore, defendant's petition was untimely.
Even though defendant's petition was untimely filed, the trial court could still entertain the petition under limited circumstances. Pursuant to R.C. 2953.23, the trial court may entertain a post-conviction petition filed after the expiration of the deadlines set forth in R.C. 2953.21(A) if both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Unless both of the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for post-conviction relief. State v. Halliwell (July 29, 1999), Cuyahoga App. No. 75986, unreported; State v. Furcron (Feb. 17, 1999), Lorain App. No. 93CA007089, unreported; State v. Freeman
(Dec. 10, 1998), Cuyahoga App. No. 73784-87, unreported.
We find that defendant failed to satisfy R.C. 2953.21(A) and therefore, the trial court lacked jurisdiction to hear the petition and properly dismissed it without a hearing. In his first assignment of error, defendant asserts that he was denied the effective assistance of counsel due to counsel's failure to file a direct appeal. However, defendant has presented no evidence to establish that he was "unavoidably prevented from discovering" that his trial counsel failed to timely file the appeal. This fact was easily discoverable by defendant and did not prevent him from filing his petition in accordance with R.C.2953.21(A).
In his second and third assignments of error, defendant asserts that he was denied a constitutional trial as a result of prosecutorial misconduct. Defendant has again failed to present any evidence that he was "unavoidably prevented from discovering" this alleged misconduct. Any violations that occurred during defendant's trial, including prosecutorial misconduct, were known to defendant at that time and clearly did not prevent him from timely filing his petition. Furthermore, defendant has also failed to present clear and convincing evidence that a reasonable factfinder would not have found him guilty of felonious assault but for the prosecutorial misconduct.
In his fourth assignment of error, defendant asserts that his petition for post-conviction relief should have been granted due to newly discovered evidence. This alleged newly discovered evidence consists of an affidavit executed by the original victim, Jerome Cammons, in which Cammons recanted his trial testimony that defendant shot him in 1974. Defendant asserts that this new evidence would have produced a different result at his trial.
This Court has repeatedly acknowledged the unreliability of recanting witnesses stating that "newly discovered evidence which purportedly recants testimony given at trial is `looked upon with the utmost suspicion'" State v. Saban (Mar. 18, 1999), Cuyahoga App. No. 73647, unreported; State v. Brooks (Mar. 10, 1994), Cuyahoga App. No. 65088, unreported; State v. Germany (Sept. 30, 1993), Cuyahoga App. No. 63568, unreported. It has also been held that "recanting testimony is unreliable and should be subjected to the closest scrutiny." State v. Moore (1994), 99 Ohio App.3d 748,755, quoting Taylor v. Ross (1948), 150 Ohio St. 448, paragraph three of the syllabus.
Defendant has again failed to present any evidence that he was "unavoidably prevented from discovering" Cammons' alleged perjury. Such evidence could have been discovered by thorough cross-examination at trial. Furthermore, defendant has also failed to present clear and convincing evidence that a reasonable factfinder would not have found him guilty but for this "perjured" testimony.
Because defendant has failed to satisfy the requirements of R.C. 2953.23(A)(2), the trial court lacked jurisdiction to hear his untimely post-conviction petition. Accordingly, the trial court correctly dismissed this petition.
Defendant's Assignments of Error I, II, III and IV are overruled.
 V. PETITIONER IS SUFFERING LINGERING COLLATERAL CONSEQUENCES FROM THIS UNCONSTITUTIONAL CONVICTION.
In his final assignment of error, defendant asserts that his conviction was unconstitutional and that he has been suffering collateral consequences as a result of the conviction. Specifically, defendant asserts that his current federal sentence was enhanced as a result of his previous felonious assault conviction.
As discussed above, we find that defendant has failed to present any undiscoverable evidence that his 1975 felonious assault conviction was unconstitutional. Therefore, based on the record before us, defendant's assertion fails.
Defendant's Assignment of Error V is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE