Appellant, Antwon Rodgers, is appealing the denial of his motions for postconviction relief, or in the alternative to withdraw his guilty plea. For the following reasons, we affirm.
Appellant pled guilty to drug trafficking and violation of drug law in case number CR-240224. Appellant was sentenced on May 17, 1990.
In case number CR-246454, appellant pled guilty to possession of the bulk amount of cocaine. Appellant was sentenced on May 29, 1990.
According to the transcript submitted on appeal and certified by the court reporter, the judge stated,
 You are all presumed innocent until the prosecution proves you guilty beyond a reasonable doubt and it is absolutely necessary for the prosecution to prove your guilt beyond a reasonable doubt.
An uncertified transcript attached to appellant's motion for postconviction relief stated that the judge said, "it is absolutely unnecessary for the prosecution to prove your guilt beyond a reasonable doubt."
The transcript demonstrates that appellant acknowledged that no threats or promises were made. Appellant's grandmother and Carlos Price also pled guilty to reduced charges.
Appellant filed a pro-se petition for writ of habeas corpus in both cases on June 10, 1997. He asserted that he was coerced into pleading guilty because the prosecution indicted his grandmother. He argued that his counsel was ineffective because he did not obtain a hearing on the motion to suppress. Also, his counsel did not advise him that he could proceed with the motion to suppress, and later plead guilty if the motion was denied. The trial court found that the habeas statute had been repealed.[1] The trial court would consider appellant's claims as a motion for postconviction relief.
On October 10, 1998, appellant's counsel filed a motion for postconviction relief in both cases. Appellant asserted his plea was not knowing and voluntary. During the plea hearing, the trial judge stated that it would be unnecessary for the prosecution to prove appellant guilty beyond a reasonable doubt. In an unnotarized affidavit, appellant stated that his counsel told him the prosecutor did not have to prove him guilty, but appellant had to prove himself innocent. His attorney also said that he did not have a chance to win because an all white jury would convict him and the judge always sides with the prosecutor.
The trial court's findings of fact and conclusions of law found that the motion for postconviction relief was not timely filed.
Appellant appealed the denial of his motions in CR-240224 in Cuyahoga App. No. 76628. The denial of his motions in CR-246454 were appealed in Cuyahoga App. No. 76627.
Appellant's sole assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR POST CONVICTION RELIEF AND MOTION TO WITHDRAW HIS PLEA.
The version of R.C. 2953.21 (A) (2) in force at the time the trial court considered appellant's petition states:
 A petition under division (A) (1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
This version of R.C. 2953.21 became effective September 21, 1995. Prior to this amendment, the postconviction relief statute had allowed a petitioner to file a postconviction relief petition "at any time" after his conviction.
The amendment, effective September 21, 1995 contains a provision which extends the time limit for filing postconviction relief petitions for defendants convicted prior to September 21, 1995. Senate Bill 4, Section 3 states:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A) (2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
146 Ohio Laws, Part IV, 7826.
Appellant's petition was not timely filed because it was filed more than one year after the effective date of the amended statute. See State v. Schulte (1997), 118 Ohio App.3d 184; Statev. Pierce (1998), 127 Ohio App.3d 578; State v. Freeman (Dec. 10, 1998) Cuyahoga App. No. 73784, 73785, 73786, 73787, unreported.
R.C. 2953.23 states that the court "may not entertain a petition filed after the expiration of the period prescribed in R.C. 2953.21 (A)", unless (1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.
Appellant has not shown that he was unavoidably prevented from discovering material facts, or that a new right retroactively applies to him. The trial court correctly denied the petition for postconviction relief as untimely.
Appellant claims that, in the alternative, he is entitled to withdraw his guilty plea. If the motion to withdraw the plea is made after the sentence is imposed, the defendant must show that withdrawal must be permitted to correct manifest injustice. Crim.R. 32.1, State v. Smith (1977), 49 Ohio St.2d 261. The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id. The trial court is to resolve issues of credibility and the weight of the defendant's assertions in his motion. Id. Generally, a hearing on a postsentence motion to withdraw a plea "is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v.Hamed (1989), 63 Ohio App.3d 5, 7; State v. Nathan, (1995),99 Ohio App.3d 722, 725.
If the record demonstrates compliance with Crim.R. 11, the defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. State v. Kapper
(1983), 5 Ohio St.3d 36, 38. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing. Id.
In this case, the certified transcript indicates that the trial court complied with Crim. R. 11. An uncertified transcript page and appellant's own affidavit are insufficient to demonstrate that a manifest injustice occurred. The trial court did not err in denying the motion to withdraw the plea.
Accordingly, appellant's assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE. J., AND JAMES M. PORTER. J., CONCUR.
 ________________________ ANN DYKE ADMINISTRATIVE JUDGE
[1] Additionally, appellant had finished serving-his sentences in these cases. When he filed the habeas corpus motion, he was in federal prison on federal charges.