Defendant-appellant Derrick Wheatt ("Wheatt") appeals from the denial of his motion for a new trial and, in the alternative, petition for post-conviction relief. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Wheatt was convicted by a jury of the February 10, 1995 drive-by murder of Clifton Hudson, Jr., (Murder, R.C. 2903.02) with a firearm specification. Wheatt was sentenced on January 18, 1996 to a term of 15 years to life for the murder, plus 3 years actual for the firearm specification. This conviction was affirmed in State v. Wheatt (Jan. 16, 1997), Cuyahoga App. No. 70197, unreported, 1997 Ohio App. LEXIS 96, discretionary appeal disallowed in (1997), 78 Ohio St.3d 1512. Wheatt's co-defendants, Laurese Glover and Eugene Johnson, were also convicted of the murder of Mr. Hudson and are presently serving lengthy prison terms, too. Glover's conviction was affirmed by this court in State v. Glover (Jan. 16, 1997), Cuyahoga App. No. 70215, unreported, 1997 Ohio App. LEXIS 98. Johnson's conviction, which included a firearm specification, was affirmed by this court in State v. Johnson (Jan. 16, 1997), Cuyahoga App. No. 70234, unreported, 1997 Ohio App. LEXIS 100.
On April 16, 1999, Wheatt filed a "Motion for Leave to File Motion for New Trial and/or in the alternative, "Motion for Leave to File Petition for Post-Conviction Relief and Motion for Post-Conviction Relief (oral hearing with evidentiary presentation demanded)." On April 20, 1999, Wheatt filed an "Addendum" to the April 16, 1999 filing.
On June 24, 1999, the State filed a brief in opposition to Wheatt's motions/petition.
On July 13, 1999, the trial court denied the motions for leave to file as moot since no leave was required to file same.
On July 20, 1999, Wheatt filed his motion for new trial [see Civ.R. 33(A)(2), (4), and (6)] and/or in the alternative, petition for post-conviction relief, including the previously filed addendum. Within the argument section of this filing, Wheatt alleged that the real shooter was Mr. Aaron Stovall. Thereafter, on August 3, 1999, Wheatt filed a second addendum to the motion/petition. This petition, claiming newly discovered evidence, was supported by the following: (1) an unauthenticated copy of an affidavit by Wheatt averring that he was unavoidably prevented from discovering allegedly exculpatory evidence in the form of witnesses Starley Longino Johnson, Kenneth Johnson, Jaquana Johnson, and Kim Johnson, who collectively could not identify Wheatt as the shooter in their post-trial 1998 interviews with counsel (see the next item, number 2); (2) unauthenticated copies of interview statements taken in 1998 from Starley Johnson, Stephen L. Johnson, Kim Johnson, Jaquana (Johnson) Longino, and Tamika Harris[1]; (3) a series of photocopies of photographs taken of the vicinity of the murder and of the vehicle used by the perpetrators; (4) a sketch of a map of the vicinity of the murder depicting the location of streets, the victim, and vehicles on the scene; (5) a summary of the oral statement of Wheatt provided to the investigating detective and offered into evidence at the trial as Defendant's Exhibit A.
On August 30, 1999, the State filed its brief in opposition to the motion/petition, generally incorporating its earlier filed brief in opposition of June 24, 1999, which argued the merits of granting a new trial or post-conviction relief.
The trial court, without opinion or elaboration, denied the motion for new trial on October 22, 1999. The trial court denied the petition for post-conviction relief on October 26, 1999, issuing findings of fact and conclusions of law. The conclusions of law provide in pertinent part the following:
 The evidence that Defendant-Petitioner is now claiming is "new evidence" was available to the defense at the time of trial and, indeed, some of the evidence was used at trial. Petitioner's argument is flawed for numerous reasons.
 • The names of Ms. Johnson and two of her children were contained in a Supplementary Police Report which was introduced at trial in the form of "State's Exhibit 28."
 • It is clear from the transcript of Patrolman Jamie Tavano read (sic) portions of the Supplemental Police Report into the record at trial. (Tr. 692-694).
 • Defense Counsel Richard H. Drucker questioned Patrolman Jamie Tavano regarding Kim Longino [Johnson] and her children on cross-examination. (Tr. 689-690).
 • Patrolman Tavano further testified that he spoke with Kim Johnson on the scene. (Tr. 648).
 • The name of Starley Longino appeared on Defendant-Petitioner's witness list at trial.
 • Trial counsel Mr. Drucker has signed an affidavit, filed by the Prosecutor's Office in response to Defendant-Petitioner's motion for post-conviction relief stating that Starley's name appeared on his witness list.
 • Mr. Drucker further stated that he gave said list to Prosecutor Michael Horn as trial commenced.
 • The photographs, which Defendant-Petitioner claims prove that Tamika Harris' view of the scene was obstructed, were exhibits used at trial and marked as State's Exhibits 21-24.
 • Said photographs were shown to the jury at trial and it was explained that Harris had an unobstructed view of the shooting. (Tr. 650-653, 672-673, 1016-1017).
 • Aaron Stovall, who Defendant-Petitioner is now trying to implicate as the shooter, was known to all counsel at the time of trial.
 • Mr. Stovall was investigated by the police at the time of the crime, found to have an alibi and thus, was not considered as a suspect. (Prosecutor's Response, Ex. E).
 • Jaquana Longino, whose affidavit was submitted by Defendant-Petitioner is (sic)his motion, admits that she was not present on the scene at the time that the shooting occurred and, thus, has no first hand knowledge of the actual shooting.
 • Alleged newly discovered evidence from Lee Malone, who has submitted a signed evidentiary statement, contains information that was already presented to the Court and jury at trial.
It is abundantly clear to this Court that Defendant-Petitioner is unable to prove that he was unavoidably prevented from discovering and producing the above- mentioned evidence at trial.
As this Court has found that the "newly discovered" evidence alleged by Defendant-Petitioner was either used at trial or know (sic) by all counsel at the time of trial, this Court can not find that the result of a second trial would be different. The evidence presented at trial, some of which has been discussed above, together with the physical evidence of the gunshot residue, proved to a jury, by clear and convincing evidence, that Defendant-Petitioner was involved in the commission of this crime. Defendant-Petitioner's conviction was affirmed by the Court of Appeals.
Defendant-Petitioner has presented no evidence to this Court that any evidence was withheld from his counsel at the time of trial. Indeed, his trial counsel has submitted an affidavit stating that some of Defendant-Petitioner's alleged "newly discovered" evidence was known to him at trial. Other alleged "newly discovered" evidence was used at trial. The Defendant-Petitioner has offered no evidence to this Court to suggest that the results of a second trial would be any different that (sic) the results of his first trial. Thus, Defendant-Petitioner's claims under O.R.C. 2953.23 must fail.
Defendant-Petitioner's claims must be denied pursuant to the doctrine of res judicata. Under Ohio law, a petitioner may not raise in a post-conviction proceeding issues which could have been raised on direct appeal. State v. Perry, 10 Ohio St.2d 175 (1967), State v.Powell, 90 Ohio App.3d 260 (1993), State v. Reynolds, 79 Ohio St.3d 158
(1997). Defendant-Petitioner's claims Claims of constitutional abuses cannot be raised in post-conviction proceedings, when they have or could have been litigated by the petitioner while represented by counsel, and when those issues could have been handled on direct appeal. State v. Szefcyk, 77 Ohio St.3d 93 (1996).
The Ohio Supreme Court held in State v. Perry:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claims (sic) lack of due process that was raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment.
 Some of the issues raised by the Petitioner were raised on direct appeal and, thus, are barred by the doctrine of res judicata. The other claims raised in this motion for post-conviction relief could have been raised by the Petitioner on appeal. For whatever reason, Petitioner chose not to raise those claims on direct appeal. Therefore, those claims are also barred by the doctrine of res judicata.
 Based on the foregoing analysis, this Court, pursuant to its authority provided by law, hereby denies Petitioner's petition for post-conviction relief without an evidentiary hearing.
IT IS SO ORDERED.
On November 4, 1999, Wheatt filed a motion to have the trial court amend its findings of fact and conclusions of law.
Wheatt filed his notice of appeal from the denial of the motion/petition on November 19, 1999.
The State, on November 30, 1999, filed a brief in opposition to amendment of the findings of fact and conclusions of law.
On appeal, Wheatt presents three assignments of error for review. The first and second assignments of error, which will be discussed jointly, argue the propriety of the trial court denying the motion/petition without providing an evidentiary hearing. These assignments provide:
 I THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL AND/OR IN THE ALTERNATIVE PETITION FOR POST-CONVICTION RELIEF.
 II THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT, NO LESS THAN, AN ORAL HEARING AS DEMANDED FOR PRESENTATION OF A FULL AND COMPLETE RECORD ON THE ISSUES TO THE COURT OF APPEALS.
Regarding post-conviction relief, this court stated the following inState v. Halliwell (Cuyahoga, 1999), 134 Ohio App.3d 730, 733-734:
 Defendant concedes that his petition for post-conviction relief was untimely, but argues the trial court should have reviewed the petition since the exceptions set forth in R.C. 2953.23(A) applied.
Am.Sub. S.B. No. 4, effective September 21, 1995, amended the post-conviction relief statute. State v. Freeman, 1998 Ohio App. LEXIS 5927 (Dec. 10, 1998), Cuyahoga App. No. 73784-87, unreported. Prior to the amendment, the post-conviction relief statute had allowed a petitioner to file a post-conviction relief petition "at any time" after his conviction. State v. Schulte (1997), 118 Ohio App.3d 184, 186,692 N.E.2d 237. As amended, R.C. 2953.21(A)(2) now imposes certain time requirements for filing a petition for post-conviction relief. R.C.2953.21(A)(2)
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Defendant was sentenced on December 8, 1995, well after the effective date of Am.Sub. S.B. No. 4. He therefore had 180 days after the date the transcript was filed in his direct appeal to file his petition for post-conviction relief. The trial transcript on defendant's direct appeal was filed on April 24, 1996. Therefore, the latest date defendant could have timely filed his petition for post-conviction relief was October 21, 1996, which is 180 days after his trial transcript was filed. Defendant did not file his petition for post-conviction relief until October 28, 1998, and therefore, it was untimely by over two years.
Pursuant to R.C. 2953.23(A), a trial court may not entertain an untimely filed petition for post-conviction relief unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A) (2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Unless the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for postconviction relief. Statev. Furcron, 1999 Ohio App. LEXIS 488 (Feb. 17, 1999), Lorain App. No. 98CA007089, unreported; State v. Hall, 1998 Ohio App. LEXIS 6048 (Dec. 18, 1998). Montgomery App. No. 17101, unreported; State v. Ayers, 1998 Ohio App. LEXIS 5725 (Dec. 4, 1998). Montgomery App. No. 16851, unreported; State v. Brown, 1998 Ohio App. LEXIS 3093 (June 1, 1998), Stark App. No. 1997CA00363, unreported; State v. Hanks, 1998 Ohio App. LEXIS 2843 (June 25, 1998), Franklin App. No. 98AP-70, unreported; Statev. Thompson, 1998 Ohio App. LEXIS 4970 (Sept. 16, 1998), Allen App. No. 1-98-20, unreported; State v. Flowers, 1998 Ohio App. LEXIS 5396 (Nov. 12, 1998), Medina App. No. 2842-M, unreported.
Defendant has failed to demonstrate any of the above exceptions entitling him to relief. * * *
Like the appellant in Halliwell, Wheatt's petition for post-conviction relief pursuant to R.C. 2953.21(A) was, as recognized by the trial court in its findings of fact and conclusions of law, untimely. Wheatt appealed his conviction on February 8, 1996, and the record was filed in this appellate court on March 19, 1996. Thus, Wheatt's 180-day period to file his petition began to run on March 19, 1996. See R.C. 2953.21(A)(2). Applying this standard, Wheatt should have filed his petition no later than September 16, 1996. Yet, Wheatt did not file his petition until 1999. Thus, the trial court did not err in concluding that a petition for post-conviction relief pursuant to R.C. 2953.21 was time-barred and relief, if any, had to be sought pursuant to the exceptions contained in R.C. 2953.23(A).
Viewing the relevant exceptions contained in R.C. 2953.23(A)(1)(a) and (2), we conclude that Wheatt has not demonstrated that he was both unavoidably prevented from discovering the allegedly "new" evidence and that clear and convincing evidence shows that, but for alleged constitutional error, no reasonable jury would have convicted him. The witnesses identified by Wheatt subsequent to trial in his motion/petition were known to the defense at trial. The photographs in question, which allegedly prove that the eyewitness' (to-wit, Mr. Malone) view to the scene was obstructed, were introduced at trial and made the subject of testimony. The evidence at trial demonstrated that Wheatt was riding in the passenger seat of the vehicle used in the drive-by shooting and that gunshot residue was located as follows: (1) on the exterior of the passenger door below the window; (2) the interior passenger door on the armrest; (3) at the bottom of the front passenger seat. In addition, chemicals consistent with gunshot residue were found on both sides of Wheatt's hands, while the other two defendant's tested negative for gunshot residue on their hands. But for the alleged constitutional error, it cannot be said that no reasonable jury would conclude, by clear and convincing evidence, that Wheatt would not have been convicted. Since the petition was without merit on its face, no oral evidentiary hearing was required. See State v. Smith (Feb. 17, 2000), Cuyahoga App. No. 75793, unreported, 2000 Ohio App. LEXIS 585, at 12.
Turning to the motion for a new trial pursuant to Crim.R. 33, we note that such a motion is directed to the sound discretion of the trial court and will not be disturbed upon appeal absent an abuse of discretion.State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. An abuse of discretion implies that the court's ruling was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151. To find an abuse of discretion, this court must find that the trial court committed more than an error of judgment. State v. Reed (1996), 110 Ohio App.3d 749,752, 675 N.E.2d 77 citing to State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343.
Wheatt's new trial motion was premised upon three factors. First, misconduct by the prosecutor in allegedly not disclosing to the defense the following: (1) the police investigation of Aaron Stovall as a potential murder suspect; or, (2) the identity of the witnesses who were later located by the defense subsequent to the trial and used to support the motion/petition. See Crim.R. 33(A)(2). Second, that the verdict is not sustained by sufficient evidence or is contrary to law based upon the allegedly new evidence. See Crim.R. 33(A)(4). Third, newly discovered evidence in the form of the witness testimony used to support the motion/petition. See Crim.R. 33(A)(6). Each of these arguments is without merit as recognized by the trial court in the conclusions of law provided above. Based on the court's findings and conclusions, we cannot conclude that the trial court abused its discretion in denying the motion for new trial.
The first and second assignments of error are overruled.
The third assignment provides:
 III THE TRIAL COURT ERRED IN THE DETERMINATIONS OF FINDINGS OF FACT AND CONCLUSIONS OF LAW AND FURTHER DENYING THE DEFENDANT'S MOTION FOR AMENDMENT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW.
In this assignment, Wheatt argues that the findings of fact and conclusions of law were deficient in that the trial court did not address the issue of whether the nitrate tests of the murder weapon were properly handled and/or preserved by the authorities. Since this issue was not raised in the motion/petition, it was not error for the trial court to not address it in its findings and conclusions. Even had the issue been raised, the record reflects that the nitrate tests were the subject of testimony at trial and, therefore, the issue should have been raised, but was not, on direct appeal from the conviction. Had the issue been preserved, res judicata would apply and bar post-conviction relief. SeeState v. Perry, supra; State v. Reynolds, supra.
The third assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and
LEO M. SPELLACY, J., CONCUR.
 ______________________________ JAMES D. SWEENEY JUDGE
[1] Kim Johnson is the mother of Starley (age 11 in 1998) and Stephen (age 10 in 1998) Johnson, and Jaquana (Johnson) Longino (age 23 in 1998). Tamika Harris was 14 years of age at the time of the murder.