JOURNAL ENTRY and OPINION
Defendant-appellant Rodrick Sinclair appeals from the trial court's denial of his petition for postconviction relief. We find no merit to the appeal and affirm.
In October 1996, Sinclair was indicted on three counts of possession of crack cocaine in violation of R.C. 2925.11, one count of possession of criminal tools in violation of R.C. 2923.23, and one count of having a weapon while under disability in violation of R.C. 2923.13. On November 8, 1996, he pled guilty to one count of possession of crack cocaine. The remaining counts were nolled.
The trial court sentenced Sinclair to four years at Lorain Correctional Institution, fined him $7,500, and suspended his driver's license for five years. Pursuant to an agreement between Sinclair and the State, the sentence was not to begin until three weeks later. The trial court agreed to delay commencement of the sentence on the condition that he (1) was not to engage in any drug or illegal activity, (2) was not to consume alcohol, (3) was not to have contact with known felons, (4) was not to be near any known drug locations, and (5) was to abide by an 11:00 p.m. curfew. The trial court also advised that if he violated any of these conditions, the trial court could resentence him up to the allowable maximum time of eight years in prison.
On November 22, 1996, one week before Sinclair was to begin his sentence, he was pulled over for a traffic violation at 12:30 a.m. for having tinted windows. He was arrested because the officer was informed by dispatch that Sinclair was wanted for arrest by Linndale, Ohio and because his license was suspended. Sinclair was in the company of a friend who was a known felon.
On November 27, 1996, a hearing was held to determine if Sinclair violated the terms imposed to stay execution of his sentence. He testified that he was out past curfew because he had gotten into a fight with his girlfriend and could not stay at her house. He claimed he did not know it was after 11:00 when he left the house. He also claimed he was headed home; however, he was traveling in the opposite direction of his home. He was also in the company of a known felon. Although Sinclair was driving, the trial court conceded that the driver's license suspension was not to take effect until his sentence commenced.
The trial court found Sinclair had violated the curfew condition and resentenced him to seven years at the Lorain Correctional Institution.
On December 11, 1996, Sinclair filed a motion to withdraw his guilty plea. The trial court granted the motion and the case proceeded to trial. On December 31, 1996, in the midst of trial, Sinclair again decided to enter a plea to one count of possession of drugs and the trial court sentenced him to seven years in Lorain Correctional Institution.
On August 15, 2000, Sinclair filed a motion to set aside the sentence and reinstate the original four-year sentence. The trial court denied the motion and Sinclair appeals, asserting one assignment of error.
 I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SET ASIDE HIS SEVEN YEAR SENTENCE AND REINSTATE HIS SENTENCE FOR FOUR YEARS.
Although Sinclair's motion is captioned as a Motion to Set Aside Seven Year Sentence and Reinstate Sentence of Four Years, we find it is actually a petition for postconviction relief. State v. Reynolds (1997),79 Ohio St.3d 158, 160.
Am.Sub. S.B. No. 4, effective September 21, 1995, amended the postconviction relief statute. State v. Freeman (Dec. 10, 1998), Cuyahoga App. No. 73784-87, unreported. Prior to the amendment, the postconviction relief statute had allowed a petitioner to file a postconviction relief petition at any time after his conviction. State v. Schulte (1997),118 Ohio App.3d 184, 186. As amended, R.C. 2953.21(A)(2) now imposes certain time requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Sinclair was sentenced on December 31, 1996, well after the effective date of Am.Sub. S.B. No. 4. Since he did not file a direct appeal, he had 180 days after the expiration date for filing his appeal. The journal entry for his sentence was entered on January 2, 1997; therefore he had until February 2, 1997 to file his direct appeal which he failed to do. The latest date Sinclair could have timely filed his petition for postconviction relief was August 4, 1997 (180 days after the date his time for appeal expired). Sinclair did not file his petition for postconviction relief until August 15, 2000; therefore, it was untimely by over three years.
Pursuant to R.C. 2953.23(A)(1), a trial court may not entertain an untimely filed petition for postconviction relief unless either of the following apply:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
R.C. 2953.23(A)(2) further requires:
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted ***.
Unless the above exceptions apply, the trial court has no jurisdiction to consider an untimely petition for postconviction relief. State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612, unreported; State v. Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882, unreported; State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292, unreported; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058, unreported.
Sinclair has failed to demonstrate any of the above exceptions entitling him to relief. The basis of his petition for relief is that the trial court incorrectly sentenced him. He surely was aware at sentencing that he received a longer sentence than what he was promised at his first plea. State v. Kahl (Apr. 22, 1998), Lorain App. No. 97CA006816, unreported.
Furthermore, Sinclair cannot satisfy the requirement of R.C.2953.23(A)(2) that but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted ***. Sinclair was convicted pursuant to his plea of guilty, not by reason of trial. State v. Halliwell (July 29, 1999), Cuyahoga App. No. 75986, unreported.
Because Sinclair failed to satisfy the requirements of R.C.2953.23(A)(2), the trial court lacked jurisdiction to hear his untimely postconviction petition. Accordingly, the trial court correctly denied his petition.
The sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ COLLEEN CONWAY COONEY, JUDGE:
JAMES D. SWEENEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR.