JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Bernard Travis ("Travis"), appeals his sexual predator classification. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1988, Travis was convicted of two counts of kidnapping, one count of rape, attempted rape, gross sexual imposition, and felonious assault. His convictions stemmed from two separate incidents that occurred on the same day when he abducted a 7-year-old boy and a 41-year-old woman. Travis is serving a twenty-two years-to-life prison sentence. His convictions and sentence were affirmed in State v. Travis
(Apr. 5, 1990), Cuyahoga App. 56825. In 2004, Travis was returned to the trial court for a sexual predator hearing pursuant to R.C. 2950.09(C). At the conclusion of the hearing, the court found that there was clear and convincing evidence that Travis was likely to commit another sexually oriented offense in the future and classified him as a sexual predator.
 {¶ 3} Travis appeals, raising a single assignment of error challenging his sexual predator classification. He argues that the evidence is insufficient to prove that he will likely engage in one or more sexually oriented offenses.
 {¶ 4} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(4).
 {¶ 5} In State v. Eppinger, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
{¶ 6} "Clear and convincing evidence is that measure or degree ofproof which will produce in the mind of the trier of facts a firm beliefor conviction as to the allegations sought to be established. It isintermediate, being more than a mere preponderance, but not to the extentof such certainty as is required beyond a reasonable doubt as in criminalcases. It does not mean clear and unequivocal."
 {¶ 7} State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
 {¶ 8} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54.
 {¶ 9} Pursuant to R.C. 2950.09(B)(3), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 10} R.C. 2950.09(B)(2) does not require that each factor be met. It simply requires the trial court consider those factors that are relevant. State v. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291,700 N.E.2d 570; State v. Grimes (2001), 143 Ohio App.3d 86, 89,757 N.E.2d 413. Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." Schiebel, supra at 74, citing SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 11} In the instant case, the record demonstrates that Travis was convicted of kidnapping, rape, attempted rape, felonious assault, and gross sexual imposition, all containing violence specifications. The circumstances surrounding the offenses indicated that, in 1988, Travis abducted a 41-year-old woman off the street by knocking her unconscious and dragging her into his truck. She regained consciousness as he was plowing a snow-covered parking lot and they began to converse. After driving to another parking lot, he attempted to rape her. A struggle ensued, during which he tore off her slip and hit her in the forehead with the claw of a hammer. The victim was able to escape after she "elbowed" him.
 {¶ 12} Later that morning, Travis abducted a 7-year-old boy who was walking to school. Travis told the boy that he was instructed to plow the boy's driveway and when the boy approached him to point out his house, Travis grabbed him and drove off with him. Travis forced the boy to remove his clothes and to perform oral sex, while Travis digitally penetrated the boy's rectum. Shortly after the incident, Travis drove him to school.
 {¶ 13} Travis denied sexually assaulting either of the victims. He admitted that he had sexual contact with the female victim, but claimed that she "concocted" her story after he rejected her advances.
 {¶ 14} Travis had a long criminal history, including a conviction for a prior sexual offense. In 1979, he was convicted of sexual battery after forcing a woman at gunpoint to have sexual intercourse with him. He was also convicted of assault, aggravated robbery, menacing, and disorderly conduct. Travis denied or claimed he did not remember committing the crimes. While in prison, he had twelve misconduct reports which resulted in disciplinary action.
 {¶ 15} According to the sexual predator evaluation, Travis had not participated in any sexual offender or sexual dysfunction programs or treatment. Thus, he failed to complete any sexual offender treatment for any of his sexually oriented offenses.
 {¶ 16} Travis received a Static-99 score of eight, placing him in the high-risk category for sexual recidivism. The factors contributing to this score were his prior sexual offenses, prior sentencing dates, prior nonsexual violence, unrelated, stranger, and male victims, and the fact that he had not resided with a significant other for at least two years.
 {¶ 17} His projected recidivism rates indicated that there is a 39 percent likelihood that he will reoffend sexually within five years, 45 percent within ten years, and 52 percent within fifteen years.
 {¶ 18} The results of the ABEL Assessment for sexual interest indicated that Travis possessed four of the ten risk factors most significantly correlated with sexual offense recidivism. Although "[F]ailure to complete treatment" is categorized as a factor Travis does not currently present, we note that he never participated in any treatment.
 {¶ 19} Therefore, based on the facts of the case, Travis' prior criminal history and lack of treatment, the Static-99 results, the ABEL Assessment for sexual interest, and the recidivism factors, we find clear and convincing evidence exists to support the trial court's decision classifying Travis as a sexual predator.
 {¶ 20} Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., P.J. and Mary Eileen Kilbane, J. Concur