JOURNAL ENTRY AND OPINION
{¶ 1} Bernard Travis ("Travis") appeals the decision of the trial court denying his petition for postconviction relief. Travis argues that the trial court abused its discretion when it denied his petition for postconviction relief, and that his petition should have been granted because of the loss of material evidence in his case. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On March 3, 1988, a Cuyahoga County Grand Jury indicted Travis on two counts of kidnapping with violence specifications, one count of rape with specifications, one count of gross sexual imposition, one count of felonious assault with specifications, and one count of attempted rape with specifications. The kidnapping, rape, and gross sexual imposition charges related to a child victim, while the remaining counts related to an adult female. The trial court consolidated the charges, which stemmed from two separate incidents that occurred on the same day.
 {¶ 3} On September 7, 1988, the jury returned a verdict of guilty on all counts. Travis later stipulated to the indicted specifications. On September 15, 1988, the trial court sentenced Travis to a total prison term of twenty-two years to life.
 {¶ 4} On April 5, 1990, this court affirmed Travis's convictions. State v. Travis (April 5, 1990), Cuyahoga App. No. 56825. On September 26, 1990, the Ohio Supreme Court dismissed, sua sponte, Travis's motion for rehearing after finding that no substantial constitutional question existed. State v. Travis
(1990), 54 Ohio St.3d 703. On April 20, 1994, Travis filed a pro se motion to reopen his case, which this court denied. The Ohio Supreme Court affirmed this court's denial. State v. Travis
(1995), 72 Ohio St.3d 317, 1995-Ohio-152.
 {¶ 5} On September 27, 2004, Travis filed an application for DNA testing, seeking testing of a juice glass and a sample from the glass, which were used as evidence against Travis during his 1988 trial. The juice glass contained a sample of spittle taken from the child victim. The victim told his mother that Travis had made him suck his penis. The victim's mother instructed her son to spit into a juice glass, which she then gave to police officers. The trace evidence department of the coroner's office tested the sample and noted the presence of sperm. The State of Ohio opposed Travis's application on the ground that the parent sample, the juice glass and the sample it contained, could not be located. On November 23, 2004, the trial court denied Travis's application for DNA testing. Travis did not appeal that ruling.
 {¶ 6} On January 27, 2005, the trial court conducted a House Bill 180 hearing and classified Travis as a sexual predator and ordered lifetime registration requirements. Travis appealed, and this Court affirmed the judgment of the trial court. State v.Travis, Cuyahoga App. No. 85958, 2005-Ohio-6019.
 {¶ 7} On April 4, 2005, Travis filed a pro se petition for postconviction relief. In support of his petition, Travis argued that the State of Ohio violated his constitutional rights when it failed to locate the juice glass and sample from the glass, thereby preventing him from acquiring DNA testing. Travis also argued that the State of Ohio violated Sup.R. 26(F) when they destroyed evidence without first contacting him. On April 7, 2005, the trial court denied Travis's petition on the ground that he filed the petition after the expiration of the deadline for such motions.
 {¶ 8} Travis appeals, raising the four assignments of error contained in the appendix to this opinion.
 {¶ 9} In his first assignment of error, Travis argues that the trial court abused its discretion when it denied his petition for postconviction relief three days after filing, thereby removing his opportunity to amend the petition. This assignment of error lacks merit.
 {¶ 10} Pursuant to R.C. 2953.21(F), "[a]t any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter." In accordance with R.C. 2953.21(F), a trial court has discretion to grant or deny a defendant leave to amend. Absent an abuse of that discretion, an appellate court will not overturn the trial court's decision. State v. Barrett, Summit App. No. 21641, 2004-Ohio-725.
 {¶ 11} In the present case, Travis neither amended his petition for postconviction relief nor did he move for leave to amend his petition for postconviction relief. Accordingly, he has failed to properly preserve this argument for appeal, resulting in a waiver of all but plain error. State v. Smith,80 Ohio St.3d 89, 1997-Ohio-355. We decline to find the existence of plain error in this case.
 {¶ 12} Additionally, the trial court denied Travis's petition for postconviction relief on the ground that he filed the petition beyond the statutory deadline for filing such motions. The trial court was well within its rights to deny the motion for lack of timeliness. Moreover, R.C. 2953.21(F) does not impose a duty on the trial court to delay its rulings on the basis that the petitioner may or may not amend his petition.
 {¶ 13} Therefore, Travis's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, Travis argues that the trial court erred in denying his petition for postconviction relief on the ground that Travis filed his petition beyond the statutory time limit. This assignment of error lacks merit.
 {¶ 15} As set forth in R.C. 2953.21(A)(2), "[a] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction of adjudication * * *. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 16} R.C. 2953.23 also provides in pertinent part:
"(A) whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
"(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the revised code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
"(2) The petitioner can show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which petitioner was convicted * * *." State v. Dingledine,
Allen County Case No. 1-03-34, 2003-Ohio-5131.
 {¶ 17} R.C. 2953.21 as amended in 1995 contained a "savings clause," which allowed "[a] person who seeks post conviction (sic) relief pursuant to section 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section2953.21 of the Revised Code as amended by this act, or within one year from the effective date of this act, whichever is later." Id.; see, also, State v. Beaver (1998), 131 Ohio App.3d 458.
 {¶ 18} In the present case, a jury convicted Travis in 1988, seven years prior to the amendment to R.C. 2953.21. Therefore, the savings clause required Travis to file his petition for postconviction relief within 1996, which would have been one year from the effective date of the amendment date to R.C. 2953.21. Travis did not file his petition for postconviction relief until April 4, 2005, almost nine years after it was required to be filed under R.C. 2953.21. Accordingly, Travis did not file a timely petition for postconviction relief.
 {¶ 19} Moreover, Travis does not qualify for untimely postconviction relief under R.C. 2953.23. In order to qualify under R.C. 2953.23, Travis must show that he was either unavoidably prevented from discovering new evidence or that the United States Supreme Court has recognized a new state or federal right, and he must also prove by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty.
 {¶ 20} Travis cannot meet the first prong for untimely postconviction relief under R.C. 2953.23. In his petition for postconviction relief, Travis argues that the destruction of the juice cup and the sample contained therein requires the vacation of his convictions. Nowhere in his petition does Travis argue that he was unavoidably prevented from discovering that the juice cup or the sample had been destroyed. Travis merely explains that when he applied for DNA testing through the trial court in 2004, he learned that the evidence had been destroyed. Travis does not detail any efforts made between his 1988 conviction and his 2004 application for DNA testing to obtain the evidence. Accordingly, Travis has failed to show that he was unavoidably prevented from discovering the facts upon which he relied in his petition. Furthermore, Travis does not argue that his petition was based on a new state or federal right.
 {¶ 21} Pursuant to R.C. 2953.21, unless the exceptions contained in both subsections one and two apply, a trial court has no jurisdiction to consider an untimely filed petition for postconviction relief. State v. Halliwell (1999),134 Ohio App.3d 730. See, also, State v. Furcron (Feb. 17, 1999) Lorain App. No. 98CA007089, 1999 Ohio App. LEXIS 488; State v. Hall
(Dec. 18, 1998), Montgomery App. No. 17101, 1998 Ohio App. LEXIS 6048; State v. Ayers, (Dec. 4, 1998) Montgomery App. No. 16851, 1998 Ohio App. LEXIS 5725. Because Travis cannot establish the first prong for untimely postconviction relief, it is unnecessary for this Court to address any alleged constitutional errors.
 {¶ 22} Accordingly, the trial court did not err in denying his petition for postconviction relief on the ground that Travis did not file his petition within the statutory time frame. Travis's second assignment of error is overruled.
 {¶ 23} In his third and fourth assignments of error, Travis argues that the State of Ohio violated his constitutionally protected due process rights and Superintendence Rule 26(F) when it failed to locate the juice glass. These assignments of error lack merit.
 {¶ 24} In these last two assignments of error, Travis argues the merits of his petition for postconviction relief. However, as we discussed earlier, unless the exceptions contained in both subsections one and two of R.C. 2953.21 apply, a trial court has no jurisdiction to consider an untimely filed petition for postconviction relief. See Halliwell, supra; Furcron, supra;Hall, supra; Ayers, supra.
 {¶ 25} The trial court correctly denied Travis's petition for postconviction relief on the basis of untimeliness. Therefore, the trial court did not have jurisdiction to consider the merits of the petition. Accordingly, this Court is also without jurisdiction to consider arguments relating to the merits of Travis's petition.
 {¶ 26} We therefore overrule Travis's third and fourth assignments of error.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. and Corrigan, J., concur.
 Appendix Assignments of Error
 "I. The trial court abuse (sic) its discretion by denyingdefendant (sic) petition for post-conviction relief within 3 daysof filing his petition for post-conviction relief, which denieddefendant the opportunity to amend his petition, in violation ofdue process guaranteed by Ohio and United States Constitution.
 II. The trial court erred in denying defendant (sic) petitionfor post-conviction relief pursuant to R.C. 2953.21 and R.C.2953.23, stating that defendant (sic) petition is denied on thegrounds that same was filed after the expiration of time deadlinefor filing such motions, which violated defendant rights to dueprocess guaranteed by the Ohio and United States Constitution.
 III. The trial court erred in denying defendant (sic) petitionfor post-conviction relief pursuant to R.C. 2953.21 and R.C.2953.23 when defendant stated in claim I of his petition, in theevent the state still have (sic) not located the juice glass andsample from the glass that contained the sperm evidence, then thestate has violated Ohio Constitution and/or Sup. R. 26(F), andthe remedy for this violation should be to vacate theconviction.
 IV. The trial court erred in denying defendant petition forpost-conviction relief pursuant to R.C. 2953.21 and R.C. 2953.23,when defendant stated in claim II of his petition, if the juiceglass and sample from the glass evidence is permanently lost anddestroyed, then the state has violated [defendant]'s rights todue process guaranteed by the United States Constitution."