JOURNAL ENTRY AND OPINION
{¶ 1} Bernard Travis ("Travis") appeals the decision of the trial court denying his petition for postconviction relief. Travis argues that the trial court abused its discretion when it denied his petition for postconviction relief. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This is the second time Travis has appealed from the denial of a motion for postconviction relief. In State v. Travis, Cuyahoga App. No. 86328, 2006-Ohio-802, we set forth the relevant procedural history:
 "On March 3, 1988, a Cuyahoga County Grand Jury indicted Travis on two counts of kidnapping with violence specifications, one count of rape with specifications, one count of gross sexual imposition, one count of felonious assault with specifications, and one count of attempted rape with specifications. The kidnapping, rape, and gross sexual imposition charges related to a child victim, while the remaining counts related to an adult female. The trial court consolidated the charges, which stemmed from two separate incidents that occurred on the same day. *Page 3 
 On September 7, 1988, the jury returned a verdict of guilty on all counts. Travis later stipulated to the indicted specifications. On September 15, 1988, the trial court sentenced Travis to a total prison term of twenty-two years to life.
 On April 5, 1990, this court affirmed Travis' convictions. State v. Travis (April 5, 1990), Cuyahoga App. No. 56825. On September 26, 1990, the Ohio Supreme Court dismissed, sua sponte, Travis' motion for rehearing after finding that no substantial constitutional question existed. State v. Travis (1990), 54 Ohio St.3d 703. On April 20, 1994, Travis filed a pro se motion to reopen his case, which this court denied. The Ohio Supreme Court affirmed this court's denial. State v. Travis (1995), 72 Ohio St.3d 317, 1995-Ohio-152.
 On September 27, 2004, Travis filed an application for DNA testing, seeking testing of a juice glass and a sample from the glass, which were used as evidence against Travis during his 1988 trial. The juice glass contained a sample of spittle taken from the child victim. The victim told his mother that Travis had made him suck his penis. The victim's mother instructed her son to spit into a juice glass, which she then gave to police officers. The trace evidence department of the coroner's office tested the sample and noted the presence of sperm. The State of Ohio opposed Travis' application on the ground that the parent sample, the juice glass and the sample it contained, could not be located. On November 23, 2004, the trial court denied Travis' application for DNA testing. Travis did not appeal that ruling.
 On January 27, 2005, the trial court conducted a House Bill 180 hearing and classified Travis as a sexual predator and ordered lifetime registration requirements. Travis appealed, and this court affirmed the judgment of the trial court. State v. Travis, Cuyahoga App. No. 85958, 2005-Ohio-6019.
 On April 4, 2005, Travis filed a pro se petition for postconviction relief. In support of his petition, Travis argued that the State of Ohio violated his constitutional rights when it failed to locate the juice glass and sample from the glass, thereby preventing him from acquiring DNA *Page 4 
testing. Travis also argued that the State of Ohio violated Sup.R. 26(F) when they destroyed evidence without first contacting him. On April 7, 2005, the trial court denied Travis' petition on the ground that he filed the petition after the expiration of the deadline for such motions." Id.
 {¶ 3} In a decision released February 23, 2006, this court held that Travis did not file a timely petition for postconviction relief. Id. Additionally, this court found that Travis did not qualify for untimely postconviction relief under R.C. 2953.23. Id. We specifically held as follows:
 "Travis cannot meet the first prong for untimely postconviction relief under R.C. 2953.23. In his petition for postconviction relief, Travis argues that the destruction of the juice cup and the sample contained therein requires the vacation of his convictions. Nowhere in his petition does Travis argue that he was unavoidably prevented from discovering that the juice cup or the sample had been destroyed. Travis merely explains that when he applied for DNA testing through the trial court in 2004, he learned that the evidence had been destroyed. Travis does not detail any efforts made between his 1988 conviction and his 2004 application for DNA testing to obtain the evidence. Accordingly, Travis has failed to show that he was unavoidably prevented from discovering the facts upon which he relied in his petition. Furthermore, Travis does not argue that his petition was based on a new state or federal right.
 Pursuant to R.C. 2953.21, unless the exceptions contained in both subsections one and two apply, a trial court has no jurisdiction to consider an untimely filed petition for postconviction relief. State v. Halliwell (1999), 134 Ohio App.3d 730. See, also, State v. Furcron (Feb. 17, 1999) Lorain App. No. 98CA007089, 1999 Ohio App. LEXIS 488; State v. Hall (Dec. 18, 1998), Montgomery App. No. 17101, 1998 Ohio App. LEXIS 6048; State v. Ayers, (Dec. 4, 1998) Montgomery App. No. 16851, 1998 Ohio App. LEXIS 5725. Because Travis cannot establish the first prong for untimely postconviction relief, it is unnecessary for this court to address any alleged constitutional errors." Id. *Page 5 
 {¶ 4} On July 20, 2006, Travis filed a second petition for postconviction relief. In this petition, Travis argued he was unavoidably prevented from discovering that the juice cup and the sample contained therein were destroyed. Travis also alleges that his trial counsel rendered ineffective assistance. On July 27, 2006, the trial court denied Travis' petition for postconviction relief:
 "Defendant's petition for postconviction relief * * * is dismissed by the court. Petition dismissed on grounds it was filed after expiration of the deadline set forth in R.C. 2953.21 and petition does not allege grounds for the filing of a successive postconviction petition. Certain of petitioner's claims are res judicata as they were or could have been raised on his direct appeal."
 {¶ 5} Travis appeals, raising a single assignment of error:
 "The trial court abuse (sic) its discretion by not recognizing that appellant was unavoidably prevented from the discovery of the facts that appellant based his petition pursuant to R.C. 2953.23, in violation of due process and equal protection of the law under the Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 6} A review of Travis' second petition for postconviction relief reveals that Travis has, again, failed to establish that he was unavoidably prevented from discovering that the juice cup or the sample had been destroyed. Therefore, for the reasons enunciated inTravis, supra, we conclude that Travis did not file his petition within the allotted statutory time frame.
 {¶ 7} In his second petition, Travis also alleged that his trial counsel rendered ineffective assistance. We agree with the trial court that this allegation could have *Page 6 
been raised on direct appeal and therefore, this argument is barred by the doctrine of res judicata. State ex rel. Trafalgar Corp v. MiamiCounty Bd. of Commrs., 104 Ohio St.3d 350, 2004-Ohio-6406.
 {¶ 8} Travis' sole assignment of error is overruled.
 {¶ 9} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1