JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Percy June Hutton ("Hutton"), appeals the trial court's denial of his petition for postconviction relief. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} Hutton assigns seven assignments of error for our review, which state: *Page 3 
 {¶ 3} "I. The appellant was denied effective assistance of counsel at the culpability stage of the trial.
 {¶ 4} "II. The failure to provide discovery which would enable the appellant to have developed his claims is in violation of the Fifth,Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.
 {¶ 5} "III. The failure of the prosecutor to provide favorable evidence for the appellant violated the mandate of Brady v.Maryland.
 {¶ 6} "IV. The failure of the prosecutor to provide evidence of actual innocence violates the mandate of Napue v. Illinois (1959),360 U.S. 264.
 {¶ 7} "V. The appellant was denied effective assistance of counsel in the penalty phase of his capital trial.
 {¶ 8} "VI. The trial court erred in failing to conduct a hearing because the appellant is actually innocent of the offenses charged.
 {¶ 9} "VII. The trial court erred to the substantial prejudice of the appellant by summarily dismissing his postconviction petition without affording him an evidentiary hearing or allowing discovery."
 {¶ 10} Hutton was found guilty of aggravated murder, murder, and attempted murder. The convictions arose from Hutton shooting two victims, one of whom died, over an alleged theft of a sewing machine. Hutton received the death penalty. A complete recitation of the facts surrounding the case can be found in State v. Hutton (1990),53 Ohio St.3d 36. *Page 4 
 {¶ 11} This is Hutton's second petition for postconviction relief. The first petition was filed on September 11, 1996. It was denied by the trial court. We subsequently affirmed the decision of the trial court.State v. Hutton, Cuyahoga App. No. 76348, 2004-Ohio-3731. Hutton filed a second petition for postconviction relief on February 2, 2001, which the trial court denied in a 12-page opinion. It is this decision which is the subject of the instant appeal.
 Timeliness of Petition {¶ 12} Am. Sub. S.B. 4 ("S.B. 4"), effective September 21, 1995, amended Ohio's postconviction relief statute. S.B. 4 was codified in R.C. 2953.21. Prior to this amendment, the statute allowed the petitioner to file a postconviction petition "at any time" after his conviction. R.C. 2953.21(A)(2), as amended, now imposes certain time requirements for filing postconviction petitions.
 {¶ 13} R.C. 2953.21(A)(2) requires:
 {¶ 14} "a petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Page 5 
 {¶ 15} S.B. 4 also expressly states that the amended deadline would apply to persons convicted before its effective date. S.B. 4, Section 3 contains a provision which extends the time limit for filing postconviction petitions for defendants convicted prior to September 21, 1995. Section 3 states:
 {¶ 16} "A person who seeks postconviction relief pursuant to Sections2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
 {¶ 17} We find that S.B. 4, Section 3, and amended R.C. 2953.21(A)(2) are applicable to Hutton as he was convicted in February 1986, prior to the effective date of S.B. 4. See State v. Schulte (1997),118 Ohio App.3d 184; State v. Jester, Cuyahoga App. No. 83520, 2004-Ohio-3611;State v. Halliwell (July 29, 1999), Cuyahoga App. No. 75986. Under the above sections, Hutton was required to file his supplemental petition for postconviction relief by September 21, 1996, one year after the effective date of S.B. 4. However, the record reflects that Hutton did not file his petition until February 2, 2001, long after the expiration of the statutory deadline.
 {¶ 18} Even though his petition was untimely filed, the trial court could still entertain the petition under limited circumstances. Pursuant to R.C. *Page 6 2953.23, the trial court may entertain a postconviction petition filed after the expiration of the deadlines set forth in R.C. 2953.21(A) if:
 {¶ 19} "(1) Either of the following applies:
 {¶ 20} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 21} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
 {¶ 22} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 23} Unless both of the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for postconviction relief. State v. Elko, Cuyahoga App. No. 88441,2007-Ohio-2638; State v. Travis, Cuyahoga App. No. 88636,2007-Ohio-2379; State v. Mayes, Cuyahoga App. No. 88426, 2007-Ohio-2374.
 {¶ 24} Hutton contends he was unavoidably prevented from timely discovering Laster's statement to the police because the State committed a *Page 7 Brady violation by failing to inform him about Laster's statement. Laster was a co-defendant of Hutton's. Laster pled guilty to involuntary manslaughter and kidnapping for his part in the crimes.
 {¶ 25} A Brady violation occurs when the prosecution suppresses evidence requested by the accused that is material to the guilt or punishment of the accused. Brady v. Maryland (1963), 373 U.S. 83, syllabus, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Hutton, however, has not shown that the State withheld evidence from him. According to Hutton's own petition and according to Laster's interview, Laster refused to cooperate with homicide detectives. Cleveland police reports reveal that Laster refused to provide police with a statement. Based on these factors, the State was not in possession of discoverable evidence.
 {¶ 26} Hutton also contends Laster's testimony was not available until he agreed to come forward with the evidence and agreed to be interviewed by a private detective hired by Hutton. However, Hutton still waited to file his second petition based on this interview until almost a year and a half after the interview. The interview occurred on September 5, 1999, and Hutton filed his second petition on February 5, 2001.
 {¶ 27} There is also no evidence that Laster rejected previous attempts by Hutton to obtain his statement. Laster was incarcerated from 1985 until recently, therefore, Hutton was aware of Laster's whereabouts. There is no proof of his unavailability. *Page 8 
 {¶ 28} Moreover, even if Hutton did show Laster's statements were undiscoverable, he has failed to satisfy the second prong, which requires him to show by "clear and convincing evidence that, but for constitutional error at trial" or because this is a death penalty case, "constitutional error at the sentencing hearing," no "reasonable factfinder" would have found him guilty of the offenses he was convicted of, or found him eligible for the death penalty.
 {¶ 29} A review of Laster's interview reveals that Laster admitted he was drunk the evening of the murders; was asleep in the car during the time the first victim was shot; and was not present when the other victim was shot. He also admitted he does not know what happened that night. Notably, he never stated that Hutton was innocent. The evidentiary value of this interview is negligible. It is quite reasonable that a jury still would have found Hutton guilty even if Laster had testified. Therefore, Hutton's lost opportunity to present this evidence did not deny his constitutional right to a fair trial. Thus, Hutton failed to satisfy the R.C. 2953.23 jurisdictional requirement of outcome-determinative constitutional error.
 {¶ 30} Accordingly, we conclude because the requirements of R.C.2953.23 were not met, the trial court was without jurisdiction to entertain Laster's second petition for postconviction relief. Therefore, we affirm the trial court's denial of Hutton's petition, albeit on different grounds than those set forth by the trial court. *Page 9 
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR. *Page 1