[Cite as *State v. Onunwor*, 2012-Ohio-4818.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97895

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLIFTON ONUNWOR

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-517054

BEFORE:  E. Gallagher, J., Cooney, P.J., and Keough, J.

RELEASED AND JOURNALIZED:  October 18, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mary H. McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1}   Clifton Onunwor appeals the denial of his petition for post-conviction relief in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

{¶2}   Appellant was indicted on October 23, 2008, and charged with one count of aggravated murder and two counts of tampering with evidence.   Following a jury trial, appellant was found to be guilty of all counts and sentenced to life without parole for aggravated murder, to be served consecutively to a three-year firearm specification.   The trial court further sentenced appellant to two two-year prison terms on the tampering with evidence counts, to be served concurrently.

{¶3}   Appellant brought a direct appeal of his convictions to this court wherein he asserted eight assignments of error, essentially amounting to procedural errors, improper admission of evidence and ineffective assistance of counsel due to the failure to preserve certain issues for appeal.   On November 18, 2010, this court affirmed appellant's convictions.   *State v. Onunwor*, 8th Dist. No. 93937, 2010-Ohio-5587 ("*Onunwor* I").   Appellant petitioned for leave to appeal to the Ohio Supreme Court, but the court denied appellant's petition and dismissed the appeal.   *State v. Onunwor*, 128 Ohio St.3d 1415, 2011-Ohio-828, 942 N.E.2d 386.

{¶4}   During the pendency of his direct appeal, appellant filed a petition for postconviction relief in the Cuyahoga County Court of Common Pleas on April 26, 2010.

Appellant asserted that he received ineffective assistance from his trial counsel and that the prosecution failed to produce exculpatory evidence to him prior to trial. The trial court summarily denied appellant's petition for postconviction relief.

{¶5} Appellant appeals from the trial court's denial of his petition asserting the following sole assignment of error:

The trial court's summary dismissal of Clifton Onunwor's petition for post-conviction relief violated his right to due process because the court did so without meaningfully addressing the new evidence upon which the petition was based or analyzing its impact on the [sic] Onunwor's case overall.

{¶6} Petitions for postconviction relief are governed by the standards set forth in R.C. 2953.21, which provides, in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the

petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶7} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion is "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). A reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence. *Gondor* at ¶ 58.

{¶8} A trial court's decision to deny a postconviction petition without a hearing is also reviewed under the abuse of discretion standard. *State v. Broom*, 8th Dist. No. 96747, 2012-Ohio-587, ¶ 13, citing *State v. Abdussatar*, 8th Dist. No. 92439, 2009-Ohio-5232, ¶ 15.

{¶9} The Ohio Supreme Court has held that a trial court, pursuant to R.C. 2953.21(C), may dismiss a petition for postconviction relief "without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, at paragraph two of the syllabus. According to the Ohio Supreme Court, it is "not unreasonable to require the defendant to show in his

petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled." *Id*. at 283.

{¶10} Pursuant to *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975),

> there are two conditions that must be satisfied prior to the court holding a hearing: the petitioner must state substantive grounds for relief, and the issue cannot be determined through a review of the record. This court, therefore, additionally recognized that trial courts are required to hold an evidentiary hearing only if the petitioner is relying on facts outside the record. *Broom*, ¶ 14.

{¶11} R.C. 2953.21(A) requires a petitioner for postconviction relief to allege a "denial or infringement" of his rights under the Ohio or United States Constitutions. In the case sub judice, appellant asserted two separate denials or infringements: first, that he was denied effective assistance of counsel as required by the Sixth Amendment to the United States Constitution because his trial counsel did not "investigate, develop, and present evidence that would have undermined the prosecution's case"; and second, that he was denied his due process rights to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution due to "prosecutorial misconduct."

{¶12} Both of appellant's arguments are related to records of appellant's cell phone activity during the time frame of his mother's murder on the night of September 18, 2008, and the early morning hours of September 19, 2008. Appellant argues that these phone records show a near-constant exchange of text messages and phone calls between appellant and others (primarily his girlfriend) on the night of the murder and that, due to this exchange, appellant would have been unable to commit the crime as alleged.

Appellant further argues that the phone records contradict and would have discredited testimony, including time frames of his activity that night, provided by prosecution witnesses at trial. Appellant's ineffective assistance of counsel claim stems from his trial counsel's alleged failure, despite appellant's alleged repeated requests, to obtain the phone records for use at trial. Appellant's prosecutorial misconduct claim stems from his assertion that the prosecution possessed the cell phone records prior to trial but failed to produce them to the defense as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

{¶13} At the outset, we are compelled to address one of the common doctrinal hurdles that postconviction relief petitioners must clear: the doctrine of res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

(Internal quotation marks and citation omitted.) *Abdussatar*, 8th Dist. No. 92439, 2009-Ohio-5232, ¶ 13.

{¶14} A petition for postconviction relief may be denied or dismissed on res judicata grounds if the trial court "finds that the petitioner could have raised the issues in the petition at trial or on direct appeal without resorting to *evidence beyond the scope of the record*." (Emphasis added.) *Id.* at ¶ 16; *accord State v. Williams*, 8th Dist. No. 85893, 2005-Ohio-6020, ¶ 7.

**{¶15}** With these principles in mind, we find that appellant's prosecutorial misconduct claim is barred by res judicata. Appellant asserts that the prosecution provided *in discovery* that it had obtained phone records and, despite his own submitted records indicating that he possessed at least three separate cell phone accounts, appellant assumes that the state must have possessed the particular cell phone records upon which he now bases his arguments. Accordingly, it is apparent that appellant's prosecutorial misconduct claim is rooted in actions that occurred during the pretrial discovery process. Records of that process, and the parties' motions and responses therein, would certainly be within the scope of the record on direct appeal. Similarly, appellant acknowledged his own awareness of these particular cell phone records prior to trial as he asserts that he implored his trial counsel to obtain the records for use in his defense. Appellant was, therefore, required to present his prosecutorial misconduct argument on direct appeal and, having failed to do so, the argument is barred by res judicata. Accordingly, we dismiss appellant's prosecutorial misconduct claim.[1]

---

[1] Even were we to consider the merits of appellant's prosecutorial misconduct claim, we would not find it convincing. *Brady* requires that evidence "material either to guilt or to punishment" may not be suppressed by the prosecution. *Brady*, 373 U.S. 83, 87, 83 S.Ct. 1194. Evidence is "material" when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). For reasons more fully explored below, on the facts before us, we are not convinced that the phone records at issue were material evidence. In addition, the defense's argument rests on a prosecution discovery response that lists "Cell phones and records" in an "Evidence List." There is no indication of what the "records" were, or to what cell phone numbers they corresponded. Appellant's brief notes that appellant's own trial counsel first requested records for two telephone numbers under appellant's name that had been discontinued and only afterwards did his appellate counsel obtain the phone records corresponding to the number that appellant was

**{¶16}** In contrast to appellant's prosecutorial misconduct argument, his claim of ineffective assistance of counsel argument is firmly based on evidence that was outside the scope of the trial record: namely, the cell phone records attached to his petition for postconviction relief. "It is well-established in Ohio law that where an ineffective assistance of counsel claim cannot be supported solely on the trial court record, it should not be brought on direct appeal." *Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir. 2006), citing, inter alia, *State v. Cooperrider*, 4 Ohio St.3d 226, 228-229, 448 N.E.2d 452 (1983); *State v. Coleman*, 85 Ohio St.3d 129, 134, 707 N.E.2d 476 (1999). Because the phone records at issue were not part of the record prior to appellant's petition for postconviction relief, they were not proper subjects of direct appeal and, therefore, appellant's claim of ineffective assistance of counsel is not barred by res judicata.

**{¶17}** To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Pursuant to *Strickland*, courts need not undertake analysis of both prongs:

---

allegedly using at the time of the homicide. There is no indication in the record that the phone records referenced in the prosecution's discovery records have any relation to the phone records at issue in this appeal.

"[i]n particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland* at 697; *accord Bradley*, at 143.

{¶18} We are prevented from examining appellant's alleged ineffective assistance of counsel claim due to his failure to furnish the court with the transcripts and exhibits from his trial. In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision. App.R. 9(B); *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87, ¶ 7. Failure to file the transcript prevents an appellate court from reviewing an appellant's assignments of error. *State v. Turner*, 8th Dist. No. 91695, 2008-Ohio-6648, ¶ 13. In order to evaluate appellant's arguments that the phone records would have altered the outcome of the case by discrediting prosecution witnesses, review of the trial transcripts is a necessity.[2] Lacking the requisite materials in the record to evaluate the trial court's analysis pursuant to R.C. 2953.21(C), we must presume regularity in the proceedings below. *State v. Lababidi*, 2012-Ohio-267, 969 N.E.2d 335, ¶ 13 (8th Dist.); *State v. Rice*, 8th Dist. No. 95100, 2011-Ohio-1929, ¶ 6. Because appellant did not file a transcript of the proceedings below and the accompanying exhibits that are necessary for our determination of the issue at bar, his argument that the trial court abused its discretion in

---

[2]The trial court noted in its journal entry that appellant was provided with a full opportunity at trial to cross-examine the witnesses, including his girlfriend, regarding his phone conversations, whereabouts and activity on the night in question.

denying his petition for postconviction relief without holding an evidentiary hearing is without merit.[3]

{¶19} We do note that our examination of appellant's phone records, without reference to the transcript and exhibits from trial, does not reveal exculpatory evidence. It is incredulous for appellant to suggest that one is incapable of multitasking by having an open phone call while simultaneously discharging a firearm. The records, a significant portion of which were text messages, do not demonstrate that appellant could not have been engaged in other activities while he was using the phone throughout the night. Any observer of modern society would note that cell phone users are (often regrettably) capable of performing multiple tasks while using their phones.

{¶20} The phone records provided by appellant offer nothing more than the date, time, phone number from which a call was placed or to which a call was placed and the call length. They do not specify the location of the phone at the time the call was being had or call into question appellant's ability to have been present at the victim's home on the night of the murder.

{¶21} The court does acknowledge that appellant's phone activity on the night in question was, during certain parts of the night, prolific, but nevertheless there are numerous gaps in time in which no activity was recorded. It is not this court's position, or duty, to speculate as to how long it would take to commit the crime that occurred in this case but, particularly in light of appellant's failure to provide us with the record from

---

[3]Appellant's failure to provide the record would similarly preclude a proper examination of his

trial, we cannot say that the trial court abused its discretion in concluding that, "[n]otwithstanding his phone use, [appellant] had full opportunity to commit the offenses within the window of time established by the state."

**{¶22}** Appellant's sole assignment of error is overruled.

**{¶23}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
COLLEEN CONWAY COONEY, P.J., CONCURS
IN JUDGMENT ONLY

---

claim of prosecutorial misconduct even if that argument was not barred by res judicata.