[Cite as *State v. Pettis*, 2014-Ohio-3147.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100851

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## IVAN PETTIS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-83-181228-ZA

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**FOR APPELLANT**

Ivan Pettis, pro se
Inmate No. 174-324
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, Ohio   45601

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: T. Allan Regas
Brett Hammond
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Ivan Pettis challenges the trial court's denial of his petition for postconviction relief and ineffective assistance of counsel claim. For the following reasons, we affirm.

{¶2} On April 19, 1983, Pettis was charged in a five-count indictment with four counts of rape and one count of gross sexual imposition. The case proceeded to a jury trial where Pettis was found guilty of two counts of rape and one count of gross sexual imposition. The trial court imposed a life sentence on each count of rape and a two-to five-year sentence on the gross sexual imposition charge. Pettis filed a direct appeal and this court affirmed his conviction. *State v. Pettis*, 8th Dist. Cuyahoga No. 47239 (Mar. 22,1984).

{¶3} On May 7, 1985, Pettis filed a petition for postconviction relief wherein he asserted that his trial counsel provided ineffective assistance of counsel in failing to introduce medical records that he believed would have proved his innocence. Pettis claimed that the records were not introduced despite his personal requests to his trial attorney to do so. Pettis also asserted that his appellate counsel was ineffective for failing to raise an error associated with the medical records because they were ascertainable from the record. The trial court denied his motion for postconviction relief and Pettis filed a second petition for postconviction relief on June 3, 1986, where he claimed that both the state and trial counsel withheld the subject medical records. Notably, Pettis asserted that this was confirmed in the trial record. The trial court

again denied his request for postconviction relief.

**{¶4}** On December 2, 2013, Pettis filed a third petition for postconviction relief again asserting ineffective assistance of counsel due to his counsel's failure to admit the medical report concerning the victim. The trial court denied Pettis' petition on December 9, 2013. Pettis appeals, asserting the following two assignments of error:

1. The trial court erred and/or abused its discretion when it denied appellant's petition for post conviction relief, in violation of appellant's fourteenth amendment rights.

2. Appellant was denied effective assistance of counsel during his trial and post conviction proceedings in violation of his sixth amendment rights.

**{¶5}** A trial court is not obligated to hold a hearing on a petition for postconviction relief if the record and the petition fail to show that the defendant is entitled to relief. *State v. Williams*, 8th Dist. Cuyahoga No. 99357, 2013-Ohio-2706, ¶ 14, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). A petition for postconviction relief is different from a direct appeal because it is a collateral civil attack. *Id*. at ¶ 18. The point of the attack is to address constitutional issues that are not normally included in the record. *Id*. at ¶ 18.

**{¶6}** An appellant who files a petition for postconviction relief faces the hurdle of res judicata. A petition for postconviction relief can be denied on res judicata grounds if the trial court decides that the appellant could have raised his claims without resorting to evidence that was outside the record. *State v. Onunwor*, 8th Dist. Cuyahoga No. 97894, 2012-Ohio-4818, ¶ 14, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232. As stated by this court in *State v. Sawyer*, 8th Dist. Cuyahoga No. 99357, 2009-Ohio-2391, ¶ 19, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982):

The doctrine of res judicata excludes subsequent actions or postconviction petitions involving the same legal theory of recovery as the previous action or petition as well as claims, which could have been presented in the first action or postconviction petition.

{¶7} This assignment of error was ripe for review at the time of Pettis' direct appeal. As evidenced by Pettis' own statements in his prior motions, he was well aware of, and the record evidenced, the existence of the subject medical records at the time of trial, prior to his direct appeal and each of his own successive and redundant petitions for postconviction relief. Furthermore, Pettis already raised the claim of ineffective assistance of counsel in both of his prior postconviction relief petitions, which were denied. *State v. Ali*, 8th Dist. Cuyahoga No. 99062, 2013-Ohio-2696, ¶ 10 (ineffective assistance of counsel argument asserted in a postconviction petition was barred by res judicata where it could have been raised on direct appeal). Therefore, both of Pettis' assignments of error are barred by res judicata.

{¶8} Even if res judicata was not a bar, a petition for postconviction relief must still be submitted within the time frame specified by R.C. 2953.21. Am.Sub.S.B. 4 ("S.B. 4"), effective September 21, 1995 and codified in R.C. 2953.21, amended Ohio's postconviction relief statute. *State v. Hutton*, 8th Dist. Cuyahoga No. 80763, 2007-Ohio-5443. Prior to this amendment, the statute allowed the petitioner to file a postconviction petition "at any time" after his conviction. R.C. 2953.21 (A)(2), as amended, now imposes certain time requirements for filing postconviction petitions.

{¶9} R.C. 2953.21(A)(2) requires:

a petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section

2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶10} As this court noted in *Hutton*, S.B. 4 also expressly states that the amended deadline would apply to persons convicted before its effective date. S.B. 4, Section 3 contains a provision that which extends the time limit for filing postconviction petitions for defendants convicted prior to September 21, 1995. Section 3 states:

> A person who seeks post conviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.

{¶11} S.B. 4, Section 3, and amended R.C. 2953.21(A)(2) are applicable to Pettis because he was convicted in April 1983, prior to the effective date of S.B. 4. *Hutton*, 8th Dist. Cuyahoga No. 80763, 2007-Ohio-5443, ¶ 17, citing *State v. Schulte*, 118 Ohio App.3d 184, 692 N.E.2d 237 (3d Dist.1997). Under the above sections, Pettis was required to file his petition for postconviction relief by September 21, 1996, one year after the effective date of S.B. 4. However, the record reflects that Pettis did not file his petition until December 2, 2013, long after the expiration of the statutory deadline.

{¶12} Even though his petition was untimely filed, the trial court could still entertain the petition under limited circumstances. Pursuant to R.C. 2953.23, the trial court may entertain a postconviction petition filed after the expiration of the deadlines set forth in R.C. 2953.21(A) if:

> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the

United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶13}** Unless both of the above exceptions apply, the trial court has no jurisdiction to consider an untimely filed petition for postconviction relief. *Hutton* at ¶ 23, citing *State v. Elko*, 8th Dist. Cuyahoga No. 88441, 2007-Ohio-2638.

**{¶14}** Pettis was convicted on June 16, 1983. Therefore, he was required to submit his petition for postconviction relief by September 21, 1996, one year after the amendment to R.C. 2953.21. Pettis missed the filing deadline by more than a decade. Pettis does not qualify under the first exception because there is no evidence in the record to suggest that he was prevented from discovery of the medical records. In fact, the record is clear that he was aware of the medical records at the time of his trial. Finally, Pettis has failed to advance any argument that would qualify his untimely filing under the second exception. The time limitation for filing a motion for postconviction relief is jurisdictional and the trial court possessed no authority to consider Pettis' untimely filed petition for postconviction relief absent an exception. *State v. John*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162, ¶ 8.

**{¶15}** Pettis' first and second assignments of error are overruled.

**{¶16}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas

court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR